**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |   |
|---|---|---|
| | * | |
| **WALTER GARCIA,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: PWG 19-cv-1460** |
| | * | |
| **FUJITEC AMERICA, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On March 22, 2019, Plaintiff Walter Garcia, represented by counsel,[1] filed a complaint in the Circuit Court for Prince George's County, Maryland, alleging a violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. Art., § 3-501 *et seq.*; breach of contract for failure to pay commissions that had been earned; and wrongful discharge.  Compl., ECF No. 4.  Defendant, Fujitec America, Inc., removed the case to this Court on May 17, 2019.  Not. Removal, ECF No. 1.[2]  Pending before me is Defendant's Motion for Summary Judgment, ECF No. 32.  I have reviewed the filings[3] and find a hearing unnecessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons stated below, Defendant's motion is GRANTED.

---

[1]     Mr. Garcia is now proceeding *pro se*.  His counsel withdrew after briefing of the pending motion was complete. *See* ECF Nos. 41-45.
[2]     Defendant asserts jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship. Not. Removal ¶¶ 3-5.
[3]     Mot., ECF No. 32; Resp., ECF No. 36; Reply, ECF No. 39; together with the exhibits provided by both parties.

**BACKGROUND**

On August 3, 2016, Mr. Garcia applied for a job as a sales representative for Fujitec, an elevator repair company.  Pl.'s Decl. ¶ 3, Resp. Ex. A, ECF No. 36-1. The job application included a certification at the end, which Mr. Garcia signed.  Pl.'s Decl. ¶ 4; Applicant's Cert., Resp. Ex. B, ECF No. 36-2.  The job applicant's agreement and certification included the following language in bold type:

> I agree that any claim or lawsuit relating to my service with Fujitec America, Inc. must be filed no more than twelve (12) months after the date of the action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.
>
> I have read and understand the contents of this employment application and am fully able and competent to complete it.

Applicant's Cert. 2.  Mr. Garcia then interviewed for the job and was offered the position on August 5, 2016.  Pl.'s Decl. ¶ 5; Offer Letter, Resp. Ex. C, ECF No. 36-3.

As a sales representative, Mr. Garcia's primary duties were to "[a]cquire new business and to sell repairs," and his offer letter included minimum sales requirements.  Hunter Dep. 14:1, Mot. Ex. 3, ECF No. 32-6; Offer Letter 2-3.  His compensation included a fixed salary, and he had the potential to earn commissions.  Hunter Dep. 14:16-20; *see also* Horan Dep. 9-11, Mot. Ex. 4, ECF No. 32-7 (describing the sales incentive programs); Offer Letter 2-3 (stating annual salary).  In 2017, Mr. Garcia was placed on a 60-day performance improvement plan ("PIP") to address deficiencies in meeting sales performance goals and failures to submit reports.  Horan Decl. ¶ 4, Mot. Ex. 5, ECF No. 32-8; Hunter Dep. 44:16-45:20. Pl.'s Dep. 116:21-118:10, Mot. Ex. 2, ECF No. 32-5; PIP, Resp. Ex. I, ECF No. 36-9.  On February 27, 2018, Mr. Garcia received a formal write-up from his manager for failure to follow the PIP, which included a warning that "future failures to perform your duties will be grounds for more severe disciplinary action, up to and

including your dismissal."  Warning Letter, Resp. Ex. L, ECF No. 36-11.  Fujitec terminated Mr.

Garcia's employment on March 16, 2018.  Term. Letter, Resp. Ex. Q, ECF No. 36-15.

Mr. Garcia alleges that he was not paid all the commissions due to him and that he was

terminated because he complained about Fujitec's violation of state wage laws.  His complaint,

filed on October 22, 2019, asserts four causes of action:

- Count I – Violation of the Maryland Wage Payment and Collection Law ("MWPCL")

- Count II – Breach of Contract

- Count III – Wrongful Discharge in Violation of Public Policy

- Count IV – Declaratory Judgment

Fujitec moves for summary judgment, contending that Mr. Garcia's claims are untimely,

and also that they fail as a matter of law because he was an "at will" employee, and the

commissions at issue are not wages under the MWPCL.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides for the judgment in favor of the movant "if

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  In reviewing the evidence related to a motion for summary

judgment, the Court considers undisputed facts, as well as the disputed facts viewed in the light

most favorable to the non-moving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George &*

*Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391-92 (4th Cir. 2009); *Dean v. Martinez*, 336

F. Supp. 2d 477, 480 (D. Md. 2004).  Only factual disputes that "might affect the outcome of the

suit under governing law will properly preclude the entry of summary judgment."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Additionally, the factual dispute must be genuine

to defeat a motion for summary judgment, in that "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id.*; *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record. . . a court should not adopt that version.").  It is the nonmoving party's burden to confront a motion for summary judgment with affirmative evidence to show that a genuine dispute of material fact exists. *Anderson*, 477 U.S. at 256.  A plaintiff nonmovant, "to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.*

**DISCUSSION**

Fujitec moves for summary judgment based on the following grounds: (1) Mr. Garcia's claims are untimely; (2) the MWPCL claims fail as a matter of law because commissions do not constitute wages under the MWPCL; (3) the MWPCL claim also fails because Mr. Garcia was paid all commissions due; (4) the breach of contract claim fails because Mr. Garcia was an "at will" employee, so there was no enforceable contract; and (5) the wrongful discharge claim fails because Mr. Garcia cannot establish a violation of public policy related to his termination.  I shall first address whether Mr. Garcia's claims were timely filed.

**I.      Timely Filing**

**A.      Contractual Limitations Period**

The job application that Mr. Garcia signed included a provision that shortened the statute of limitations for any action arising from his employment to 12 months from the date the action accrues.  Applicant's Cert. 2.  Fujitec argues that this provision is enforceable and bars Mr. Garcia's claims.  Mot. Mem. 8-10.  Mr. Garcia argues that the limitations-shortening provision in his certification lacked consideration and is not valid because it is unconscionable and unreasonable.  Resp. 11-14.  He also argues that regardless, his claim did not accrue until March

23, 2018, when he received his final paycheck after termination, and his case was filed within a year, on March 22, 2019. *Id.* at 14-15.

Maryland[4] recognizes a "strong public policy in favor of freedom to contract" and the "ability of parties to agree to a shorter period of limitations." *Coll. of Notre Dame v. Morabito Consultants, Inc.*, 752 A.2d 265, 275 (Md. Ct. Spec. App. 2000). And the Fourth Circuit has long adhered to the general principle that parties may contract for shorter limitations periods, noting that "it is well settled that such a provision, if reasonable in extent, is within the power of the parties and is binding upon them, even if the stipulated period is shorter than set up in the statutes of limitation[s] otherwise applicable." *Atlantic Coast Line Ry. Co. v. Pope*, 119 F.2d 39, 44 (4th Cir. 1941). The *Morabito* court provided guidance for reviewing such provisions: "parties may agree to a provision that modifies the limitations result that would otherwise pertain provided (1) there is no controlling statute to the contrary, (2) it is reasonable, and (3) it is not subject to other defenses such as fraud, duress, or misrepresentation." 752 A.2d at 273.

Also, courts have construed employment applications as contracts between employer and employee in the context of arbitration clauses that were contained in employment applications. *See generally Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Johnson v. Circuit City Stores, Inc.*, 148 F.3d 373; *Holloman v. Circuit City Stores, Inc.*, 894 A.2d 547 (Md. 2006). The Sixth Circuit has held that an abbreviated limitations period within an application for employment is binding if reasonable. *See Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004) (citing cases and specifically noting that a six-month statute of limitations may be found

---

[4]     This case was initially filed in a Maryland state court and was removed to this court on the basis of diversity of citizenship. Not. Removal. "In an action based upon diversity of citizenship, the relevant state law controls. The district court must apply the law of the forum state, including its choice of law rules." *Limbach Co. LLC v. Zurich Am. Ins. Co.*, 396 U.S. 358, 361 (4th Cir. 2005) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties do not dispute that Maryland law applies.

reasonable).   The Fourth Circuit cited *Thurman* with approval in an antitrust case where it concluded that a one-year contractual limitations period was reasonable. *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287 (4th Cir. 2007).

"Among the factors to be considered in assessing reasonableness are the subject matter of the contract, the duration of the shortened limitations period compared to the period that would otherwise govern, the relative bargaining power of the parties to the contract, and whether the shortened limitations period is a one-sided provision that applies to one party but not the other." *Ceccone v. Carroll Home Servs., LLC*, 165 A.3d 475, 483 (Md. 2017).   I note that unilateral provisions in a contract are permissible under Maryland law when "supported by a 'valid justification.'" *See Storto Enters., Inc. v. Exxonmobil, Oil Corp.*, No. WDQ-10-1630, 2011 WL 231877, at *5 (D. Md. Jan. 24, 2011) (quoting *Walther v. Sovereign Bank*, 872 A.2d 735 (Md. 2005) (finding that a unilateral arbitration clause was enforceable)); *see also Ceccone*, 165 A.3d at 482 ("[T]he validity of a contractual provision that purports to shorten a statutory limitations period is measured by its reasonableness and by whether certain defenses to contract formation can be established.").

Here, Mr. Garcia signed a form entitled "Job Applicant's Agreement and Certification," which included the language at issue in bold type.   Applicant's Cert. 2.   The specific language of the abbreviated statute of limitations states:

> I agree that any claim or lawsuit relating to my service with Fujitec America, Inc. must be filed no more than twelve (12) months after the date of the action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.

*Id.*   Mr. Garcia's signature indicated that he had read and understood the contents of the application.   *Id.* Mr. Garcia also testified that he had the opportunity to read the application before he signed it.   Garcia Dep. 58:19-21.   And he testified that he had no questions and understood what

he read. *Id.* at 59:1-8. There is no statute that would prevent a 12-month limitations period, and 12 months is within the range of shortened limitations that courts have found to be reasonable in analogous circumstances.

Mr. Garcia argues that 12 months is unreasonable based on a Minnesota court's holding that a one-year contractual limitations period was "unreasonably short." Resp. 15 (quoting *Henning Nelson Const. Co. v. Fireman's Fund American Life Ins. Co.*, 383 N.W.2d 645, 651 (Minn. 1986)). However, in that case, the statute of limitations was six years, and the *Henning* Court also stated that it "has held 1-year contractual limitations valid under different circumstances." 383 N.W.2d at 651 n.7. In this case, Mr. Garcia's claims would have been subject to a three-year statute of limitations, not six years. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Other courts have held that a six-month contractual limitations period was reasonable in an employment-related discrimination action. *See, e.g.*, *Njang v. Whitestone, Grp.*, 187 F. Supp. 3d 172, 179 (D.D.C. 2016) ("[C]onsistent with the findings of other courts that have addressed the propriety of a six-month limitations period with respect to employment-related discrimination actions, this Court concludes that the six-month limitations period in Plaintiff's contract is reasonable. . . .").[5] Further, Mr. Garcia has not asserted defenses of fraud, duress, or misrepresentation with regards to contract formation.

Mr. Garcia argues that the shortened limitations period is unreasonable because it is entirely unilateral since its terms apply only to him. Resp. 15. Fujitec responds that the agreement is supported by sufficient consideration because it agreed to consider his application for employment. Reply 2-3. As I discussed above, employment applications are accepted as valid contracts between an employer and employee, but Fujitec's consideration argument does not

---

[5]     I note that the prescribed statute of limitations in *Njang* was four years. 187 F. Supp. 3d at 179.

address Mr. Garcia's argument that the provision is unreasonably one-sided nor has Fujitec offered any justification for the unilateral term. "Mutuality, however, does not require an exactly even exchange of identical rights and obligations between the two contracting parties before a contract will be deemed valid." *Walther*, 872 A.2d at 748. Other courts have found "that the fact that a contractual limitation period operates upon the claims of one party to the contract and not to the other, does not make the period unreasonable." *Capehart v. Heady*, 23 Cal. Rptr. 851, 854 (Cal. Ct. App. 1962). Considering the "totality of the circumstances," *Ceccone*, 165 A.3d at 485, I find that the provision is reasonable. Although the provision may bind only Mr. Garcia to the one-year limitations period, it is fair and gave Mr. Garcia sufficient opportunity to investigate and file an employment-related claim against Fujitec. Indeed, Mr. Garcia asserts that he filed his claim within the 12-month limitation. Resp. 14-15.

Accordingly, since Mr. Garcia filed his complaint on March 22, 2019, any claims that accrued more than 12 months before that date, i.e., before March 22, 2018, are time-barred.

### B.    Accrual Date

Under Maryland law, "a cause of action for breach of contract generally accrues when the contract is breached," but "may be extended . . . by the 'discovery rule,' which provides that the limitations period does not begin until the plaintiff learned or should have learned of the breach." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 465 (4th Cir. 2007) (citing *Jones v. Hyatt Ins. Agcy., Inc.,* 741 A.2d 1099, 1103-04 (1999); *Mayor & Council of Federalsburg v. Allied Contractors, Inc.,* 338 A.2d 275, 280 (Md. 1975)). A wrongful discharge claim accrues when the employee is terminated. *Green v. Brennan*, 578 U.S. 547, 555-56 (2016). The MWPCL provides that a cause of action accrues two weeks after payment is due:

> [I]f an employer fails to pay an employee in accordance with § 3–
> 502 or § 3–505 of this subtitle, after 2 weeks have elapsed from the

> date on which the employer is required to have paid the wages, the
> employee may bring an action against the employer to recover the
> unpaid wages.

Md. Code Ann., Lab. & Empl. § 3-507.1(a).

Mr. Garcia does not dispute that his claims are untimely under a 12-month limitations period, with the exception of his wage claim, which he contends did not accrue until March 23, 2018. Resp. 14-15. The termination letter, dated March 16, 2018, identifies March 23, 2018 as Mr. Garcia's final pay date. Term. Letter. Mr. Garcia argues that his claim for unpaid wages therefore accrued, at the earliest, on March 23, 2018, and it is timely. Resp. 15. Fujitec argues that Mr. Garcia does not identify the dates when his commission payments allegedly became due to him after termination and notes that he never sent in any of the reports required to be paid commissions. Reply 3-4. However, because Mr. Garcia's MWPCL claim for his unpaid commissions fails as a matter of law, as discussed below, it is unnecessary to perform detailed analysis regarding the disputed accrual date.

## II.   MWPCL Claim

The MWPCL requires that "[e]ach employer shall pay an employee . . . all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code Ann., Lab. & Emp. § 3-505(a). The term "wages" is defined in the statute to include commissions, bonuses, fringe benefits, and "any other remuneration promised for service." *Id.* § 3-501(c)(1)-(2); *see also Medex v. McCabe*, 811 A.2d 297, 302 (Md. 2002) ("Commissions are clearly within the scope of the [MWPCL]"). Importantly, for the commission to be considered a wage, "the employee must have been *promised* the particular form of compensation as remuneration for his labor." *Martignetti v. International Business Machines Corp.*, 855 F. App'x

857, 860 (4th Cir. 2021) (quoting *Varghese v. Honeywell Int'l, Inc.*, 424 F.3d 411, 418 (4th Cir. 2005) and citing *Whiting-Turner Contracting Co. v. Fitzpatrick*, 783 A.2d 667, 671-72 (Md. 2001))).  In *Whiting-Turner*, the Maryland Court of Appeals applied "promised for service" as a "bright line test." 783 A.2d at 672-73.

Here, Mr. Garcia agrees that Fujitec's incentive programs "state that the incentive payments are 'subject to review and modification by FAI-President and awarded at his discretion'. . . 'subject to change at any time.'"  Resp. 17 (quoting the 2016 Sales Incentive Program, Ex. D, ECF No. 36-4)).  But Mr. Garcia claims that Fujitec had a duty to exercise its discretion in good faith and was thus obligated to pay commissions earned.  *Id.* at 17-19.  Good faith, however, is not the test.  A plain language reading of the documents in the record makes it clear that Fujitec did not "promise" to pay Mr. Garcia commissions, as set forth in *Whiting-Turner*'s bright-line test. First, I note that Mr. Garcia's offer of employment makes no mention of commission or incentive payments.  *See* Offer Letter.  Each of the Sales Incentive Programs states that it is "a discretionary plan designed to reward Sales Performance . . . ."  *See* 2016-2018 Sales Incentive Plans, Resp. Exs. D, E, F. ECF Nos. 36-4 – 36-6.  The incentive plans also state that incentive payments are subject to review and modification by Fujitec's President and are awarded at his discretion.  *Id.* Further, the documents state that the "sales incentive program is subject to change at any time." *Id.* The potential commissions that Mr. Garcia could earn were simply not promised "compensation as remuneration for his labor."  *Varghese*, 424 F.3d at 418. Accordingly, even if the claim was timely, it fails as a matter of law.

**CONCLUSION**

Mr. Garcia's claims fail either because they were untimely under the contracted limitations period of 12 months, or because the commissions he alleges were unpaid do not qualify as wages under the MWPCL.  Therefore, I decline to consider the remaining arguments made by Defendant.

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 32, is GRANTED.  Judgment shall be entered by separate Order.


Date:   August 12, 2022                              _____/S/_____
                                                     Paul W. Grimm
                                                     United States District Judge